IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

        Plaintiff,                                    No. 2:10-cv-1806 JFM (PC)

    vs.

J. NGUYEN,

        Defendant.                             ORDER

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has neither paid the filing fee for this action nor filed an application to proceed in forma pauperis.

        Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.  See Order filed April 20, 2007 in Weaver v. California Correctional Institution Building A-4A-4, et al., No. 1:06-cv-1429 OWW-SMS P (E.D. Cal.), slip op. at 4 and cases cited therein at 1 n.1.[1]  Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

physical injury." 28 U.S.C. § 1915(g).  Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury.[2]  Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty days from the date of this order, the filing fee of three hundred fifty dollars ($350.00).  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: July 20, 2010.

UNITED STATES MAGISTRATE JUDGE

12
weav1806.fee

---

[2] By this action, plaintiff seeks money damages for alleged false arrest on charges of "absconding, failure to attend P.O.C."  The claim raised herein would not be cognizable in this civil rights action in any event unless the charges or any conviction thereon have been been reversed, expunged, or otherwise set aside.  See Heck v. Humphrey, 512 U.S. 477 (1994)

2